

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. J. R. Shook
Criminal District Attorney
Bexar County
San Antonio-5, Texas

Dear Sir:

O-6823

Opinion No. O-6823
Re: Validity of a contract for the
collection of delinquent taxes
in Bexar County.

We have your letter of October 12, 1945, in which
you ask whether or not this department would approve the
enclosed contract for the collection of delinquent taxes in
Bexar County. In addition to your letter you have orally
informed us that the party with whom this contract is to be
entered into is not a licensed attorney.

Article 7335, V. A. R. C. S., provides:

"Whenever the commissioners court of any county
after thirty days written notice to the county attorney
or district attorney to file delinquent tax suits and
his failure to do so, shall deem it necessary or expedient,
said court may contract with any competent attorney to
enforce or assist in the enforcement of the collection
of any delinquent State and county taxes for a per cent
on the taxes, penalty and interest actually collected,
and said court is further authorized to pay for an
abstract of property assessed or unknown and unrendered
from the taxes, interest and penalty to be collected on
such lands, but all such payment and expenses shall be
contingent upon the collection of such taxes, penalty
and interest. It shall be the duty of the county attorney,
or of the district attorney, where there is no county
attorney, to actively assist any person with whom such
contract is made, by filing and pushing to a speedy
conclusion all suits for collection of delinquent taxes,
under any contract made as herein above specified;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. R. Shook, page 2

provided that where any district or county attorney shall
fail or refuse to file and prosecute such suits in good
faith, he shall not be entitled to any fees therefrom,
but such fees shall nevertheless be collected as a part
of the costs of suit and applied on the payment of the
compensation allowed the attorney prosecuting the suit,
and the attorney with whom such contract has been made
is hereby fully empowered and authorized to proceed in
such suits without the joinder and assistance of said
county or district attorneys."

Article 7335a, V. A. R. C. S., provides:

"Sec. 1. No contract shall be made or entered into
by the Commissioners' Court in connection with the col-
lection of delinquent taxes where the compensation under
such contract is more than fifteen per cent of the amount
collected. Said contract must be approved by both the
Comptroller and the Attorney General of the State of
Texas, both as to substance and form. Provided however
the County or District Attorney shall not receive any
compensation for any services he may render in connection
with the performance of the contract or the taxes col-
lected thereunder.

"Sec. 2. Any contract made in violation of this
Act shall be void."

Article 430a, V. A. P. C., provides:

"Section 1. It shall be unlawful for any corporation
or any person, firm, or association of persons, except
natural persons who are members of the bar regularly
admitted and licensed, to practice law.

"Sec. 2. For the purpose of this Act, thepractice
of law is defined as follows: Whoever (a) In a representa-
tive capacity appears as an advocate or draws papers,
pleadings, or documents, or performs any act in connection
with proceedings pending or prospective before a court
or a justice of the peace, or a body, board, committee,
commission or officer constituted by law and having authority
to take evidence in or settle or determine controversies in
the exercise of the judicial power of the State or subdivision
thereof; or, (b) For a consideration, reward or pecuniary

benefit, present or anticipated, direct or indirect, advises or counsels another as to secular law, or draws a paper, document or instrument affecting or relating to secular rights; or, (c) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect, does any act in a representative capacity in behalf of another tending to obtain or secure for such other the prevention or the redress of a wrong or the enforcement or establishment of a right; or (d) For a consideration, direct or indirect, gives an opinion as to the validity of the title to real or personal property; or (e) As a vocation, enforces, secures, settles, adjusts or compromises defaulted, controverted or disputed accounts, claims or demands between persons with neither of whom he is in privity or in the relation of employer and employee in the ordinary sense; is practicing law. . . ."(Emphasis ours)

The contracts submitted by you provide in paragraph I:

"First party agrees to employ and does hereby employ Second Party to assist the Criminal District Attorney to enforce by suit or otherwise. . . ."

Paragraph IV provides:

". . . and in which said suit the Party of the Second Part shall assist in its prosecution with dispatch. . . ."

Paragraph VI provides:

"Second party shall aid and assist the county or district attorney in preparing all petitions, citations, notices by publication, personal service citations, notices by posting, judgments, notices of sale, orders of sale and any and all other things necessary or required to be done for the collection of all delinquent taxes, and shall render all necessary and proper assistance to each of the other officers to the end that all taxes assessed or unknown and unrendered now delinquent, or that may become delinquent during the life of this contract and be so reported on Comptroller's forms provided therefor, may be collected, and when collections are not made, to assist in reducing same to final judgment and sale."

Paragraph X provides:

". . . and shall assist in concluding all suits in which trial court judgments are obtained during the period of this contract and which are appealed by any party."

Finally, paragraph XVI concludes:

". . . and it being the duty of the Criminal District Attorney to actively assist Second Party in the filing and pushing to a speedy conclusion all suits for the collection of delinquent taxes, it is hereby provided that where the Criminal District Attorney shall fail or refuse to file and prosecute such suits in good faith, then <u>any attorney prosecuting suits under this contract is hereby fully empowered and authorized to proceed with such suits without the joinder and assistance of the said Criminal District Attorney</u>." (Emphases ours)

Thus it is seen that the contract in question provides that the Second Party, who, we are informed, is not an attorney is to assist in the prosecution of suits, and to aid and assist in the preparation of pleadings and other legal instruments; and finally it is provided that any attorney prosecuting suits under this contract is fully empowered and authorized to proceed with such suits without the joinder and assistance of the Criminal District Attorney in the event such Criminal District Attorney shall fail or refuse to file and prosecute such suits in good faith.

The contract calls for a layman to perform acts ". . . in connection with proceedings pending or prospective before a court. . . ." and under the definition set out in Article 430a, P. C., this constitutes the practice of law. Hughes v. Ft. Worth National Bank, 164 S.W.(2d) 231, (C.C.A., Ft. Worth) writ of error refused, and cases there cited. For comprehensive definition of the term "practice of law," see 7 C.J.S., Attorney and Client, Section 3, p. 703. Article 430a, P. C., is not exclusive. Grievance Comm. of State Bar of Texas v. Dean (C.C.A., Austin, not yet reported)

Therefore, as this contract calls for the performance of an unlawful act, it is illegal and void, and could not have the approval of this department. Featherston v. Boxberger, 255 S.W. 998.

In your letter you cite us Rusk County v. Maloney, 38 S.W.(2d) 868, and Slimp v. Wise County, 96 S.W.(2d) 537, as authority for the validity of this contract. The contracts involved in those cases were materially different from the one here involved. In the first case cited there was a contract with a person not an attorney to assist the <u>tax collector.</u> The court concluded:

329

"Therefore the exercise of discretion in the selection and appointment of a person who is not an attorney to enforce or bring about collection otherwise than through judicial proceedings would, as properly held by the trial court, at most be merely an 'irregular' exercise of authority of selection and appointment in furtherance of the authorized purpose."

This case was decided in 1931, and Article 430a, P. C., defining the practice of law and making it a penal offense for one other than a licensed attorney to practice law was not enacted until two years later, 1933.

The latter case follows the earlier case, and in neither case is the question of whether or not a layman is being employed to practice law before the court. In both cases the contract had been executed by the commissioners court, work had been done, and money paid out, and the doctrine of estoppel was invoked to prevent the county from recovering. Both cases say that the action of the commissioners court in executing the contract with a layman was "irregular," if not "illegal," and invoke the doctrine of estoppel to defeat recovery.

In this latter case the county attorney had not failed or refused to file and prosecute suits to enforce the collection of delinquent taxes; while in the contract before us the preamble recites that the Criminal District Attorney of Bexar County has filed a written statement declining to file such suits.

It can be said that under certain circumstances the commissioners court may validly contract with one not an attorney to assist the county in matters relating to taxes (Marquart et al. v. Harris Co., et al., 117 S.W.(2d) 494, writ dismissed; Aldrich v. Dallas County, 167 S.W.(2d) 560, writ dismissed), and such contracts need not have the approval of the Comptroller and Attorney General. Sylvian Sanders Co. v. Scurry County, 77 S.W. (2d) 709, writ refused.) However, any contract made "in connection with the collection of delinquent taxes," must have the approval of these officials, and in the absence of such approval is void. Eastwood v. Henderson County et al., 62 S.W.(2d) 65, (Com. App.); White v. McGill, 114 S.W.(2d)860, (Supreme Court); Hume v. Yuehl, 119 S.W.(2d) 905, (C.C.A. San Antonio), writ refused.

In Sylvian Sanders Co. v. Scurry County, supra, the Eastland Court of Civil Appeals had before it a contract similar to the one submitted by you. Following the Eastwood case, supra, the court said:

"The petition affirmatively alleged that this contract was not approved by these officials. For the purposes of this decision, we shall assume, without determining, that all the provisions of the contract with reference to the installation of a tax system were for a purpose for which the commissioners' court could contract without their approval, but this contract obligated appellants not only to install a tax system for future use, but to compile information necessary for the attorney in filing suits for the collection of delinquent taxes, penalties, and interest, for a period of 27 years. It seems clear that a contract to perform such services would admit of no other classification than one 'in connection with the collection of delinquent taxes.' In fact, we think it is as much so as would be a contract with an attorney to conduct the tax litigation. To that extent, at least, the contract was void, and, since the void provisions are inseparably connected with provisions which might be valid, the entire contract must fall."

Since Article 7335a provides that any contract made in pursuance of Article 7335, that is, "in connection with the collection of delinquent taxes," must be approved by both the Comptroller and Attorney General, both as to <u>substance</u> and as to <u>form</u>, it may be safely said that any contract so made must be made with a licensed attorney and in substantial compliance with the form suggested by the Comptroller and Attorney General.

In our opinion No. 0-2959 we said:

". . . In our Opinion No. 0-197, we held that a commissioners' court could not make a valid contract with a person not a lawyer embodying an obligation on the part of such person to perform all the services contemplated by Article 7335, the filing and prosecution of suits, etc., and in our Conference Opinion No. 3064 we held that such a contract could not lawfully be made between a county as 'first party' and two persons, one a licensed attorney and the other not, as 'second party.'

Hon. J. R. Shook, page 7

We now express the further view that only a licensed attorney may be employed under the authority of Article 7335, except as to obtaining abstracts."

Trusting the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *H. T. Bob Donahue*

H. T. Bob Donahue
Assistant

HTBD:M

APPROVED NOV 7 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN